IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL W. COLLINS,

        Petitioner,

v.

OHIO ADULT PAROLE AUTHORITY,[1]

        Respondent.

Case No. 2: 19-cv-3286

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Petitioner's Motion for Leave to Proceed *in forma Pauperis*. (ECF No. 1.) Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED**. It is **ORDERED** that Petitioner will be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1–2.) Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

---

[1] Petitioner names as Respondent the State of Ohio. Nevertheless, Petitioner indicates that he is currently serving a term of post-release control which would be supervised by the Ohio Adult Parole Authority ("OAPA"). Accordingly, the OAPA is the proper Respondent. *See* Advisory Committee Notes, Rule 2(b) of the Rules Governing § 2254 Cases in the United States District Courts. The Clerk is **DIRECTED** to update the docket accordingly.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("the Habeas Rules"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUCIE as unexhausted**.

## Facts and Procedural History

Petitioner states that he was convicted of burglary and theft pursuant to a plea agreement entered in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1–2, at PAGE ID # 9.) He indicates that he was sentenced on January 3, 2012, to a sentence of five and half years, and that he has "completed [his] whole sentence. (*Id*., at PAGE ID # 9, 16.) He further indicates that he did not file an appeal. (*Id*., at PAGE ID # 10.)

On July 29, 2019, the Court docketed Petitioner's unsigned and undated petition. (*Id*., at PAGE ID # 22.) In that document, Petitioner alleges that he is entitled to federal habeas relief because he "was placed on PRC for 3 years after [he] had completed [his] sentence of 5½ years. . ." (*Id*., at PAGE ID # 16.) He further alleges that "they gave me 5 ½ years and that's what I thought I had to do. I took a plea deal." (*Id*., at PAGE ID #14.) Petitioner seeks a "writ of habeas corpus for wrongful incarceration . . . for (PRC)." (*Id*., at PAGE ID #13.)

Petitioner does not, however, allege that he has challenged the imposition of post-release control in the state courts.

**Discussion**

As a preliminary matter, the Magistrate Judge notes that Rule 2(c)(5) of the Habeas Rules provides that a petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for petitioner under 28 U.S.C. § 2242." Petitioner has failed to comply with this procedural requirement. Even if Petitioner had complied with that requirement, however, the Magistrate Judge finds that he has failed to exhaust his claims.

Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Petitioner has failed to meet that burden here.

Petitioner appears to claim that he was unlawfully released on post-release control after he had already served his entire sentence. To the extent Petitioner alleges that his sentence has fully expired, a habeas corpus action in the Ohio courts can be used to challenge actions taken by the OAPA when they result in a person being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328, 337–40 (6th Cir. 1991) (*citing In re Anderson*, 380 N.E.2d 368, 369 (Ohio Ct. App. 1978)). Petitioner does not allege that he has filed a habeas action in the state court.

Under Ohio law, a writ of mandamus is also available if a petitioner can demonstrate: (1) that a clear legal right to relief exists; (2) that the respondent has a clear legal duty to perform the requested act; and (3) that no plain and adequate remedy exists in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 451 N.E.2d 225, 226–27 (Ohio), *cert. denied*, 464 U.S. 1017 (1983). Ohio courts have heard petitions for mandamus that challenge the actions of the OAPA. *See Brewer v. Dahlberg,* 942 F.2d 328, 335–36 (6th Cir. 1991) (collecting cases regarding mandamus petitions and the OAPA); *see also State ex rel. Mapson v. Ohio Adult Parole Authority,* 535 N.E.2d 296, 297 (Ohio 1989) (per curiam) (petitioner did not have sufficient evidence to prove retaliatory motive for parole denial); *Rodgers v. Capots,* No. 93-3397, 1993 WL 483476, at *1 (6th Cir. Nov. 23, 1993) (denial of habeas corpus petition appropriate when petitioner did not exhaust available state court remedies, including a writ of mandamus). Thus, a mandamus petition can be used in some instances to pursue relief from improper incarceration by the OAPA. Petitioner does not allege that he has filed an action for mandamus.

Moreover, Petitioner alleges that he "took a plea deal" and that he thought that pursuant to that deal, he only "had to do" a five and a half-year term of incarceration. (ECF No. 1–2, at PAGE ID # 14.) To the extent Petitioner is complaining that his sentence did not include statutorily mandated provisions for post-release control, that part of his sentence may still be challenged in the Ohio courts.[2] *State v. Fischer,* 942 N.E.2d 332, ¶ of the syllabus (Ohio 2010). Although Ohio Revised Code § 2967.28 provides that PRC is mandatory for certain offenses, including a first-degree felony, a sentencing entry by an Ohio court must contain the following information:

---

[2] Petitioner did not submit a copy of the state trial court's judgement of sentence so the Magistrate Judge is unable to determine whether it contains provisions for post-release control.

(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."

*State v. Hardy*, No. 17 CA 11, 2017 WL 6550471, at *3 (Ohio Ct. App. Dec. 12, 2017) (quoting *State v. Grimes*, 85 N.E.3d 700, 702 (Ohio 2017)) "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Fischer,* 942 N.E.2d at 332. Petitioner does not allege that he has attempted to collaterally attack his sentence in the state courts on this basis.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED without prejudice**, and that the action be **DISMISSED**. The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

5

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

DATE:   August 12, 2019                                     /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**